IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANCES BRADEN,
    Plaintiff,

v.                                                                               Civil Action No. 5:13cv107

CHESAPEAKE APPALACHIA, L.L.C.,
    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion For In-Camera Inspection Of Privileged Documents Pursuant To Fed. R. Civ. Proc 34 and 37filed September 5, 2014 (Docket No. 48). The motion was referred to the Magistrate Judge by the District Judge on September 23, 2014 (Docket No. 55). By Order dated September 23, 2014, the Magistrate Judge scheduled *en camera* review of the documents in dispute for October 7, 2014 (Docket No. 56). On October 7, 2014 counsel for Defendant appeared and presented the documents in dispute and the *en camera* review was conducted. For reasons stated herein and on the record of the *en camera* review the Court denies Plaintiff's objection to the privilege log of Defendant, denies Plaintiff's request for production of a majority of the documents claimed privileged, grants Plaintiff's request for production of the documents specifically identified herein which the Court found not privileged.

I.
Pertinent Procedural History

Plaintiff initiated the within action before the Circuit Court of Ohio County, West Virginia. Plaintiff's complaint is a "Declaratory Judgement" action brought under W.Va. Code Chapter 55, Article 13, Section 1. Therein Plaintiff alleges she is the owner of a 135 acre parcel of land that is located in Tridelphia District, Ohio County, West Virginia. She further alleges she leased her land

to Great Lakes Energy partners on August 23, 2007 for a term of five years ending on August 22, 2012. Plaintiff further claims the lease expired on August 22, 2012 with no extension being given and with the lease not being extended on its terms. Plaintiff seeks a declaration from the Court that the lease expired pursuant to its own terms and that Defendant be enjoined from removal of oil, gas and other minerals from Plaintiffs property. (Docket No. 1.)

Incident to Plaintiff filing suit in state court, Plaintiff served combined discovery requests on Defendant which included ten (10) requests for production of documents (Docket No. 1-5, p. 24-27).

Defendant removed the case to this court on August 14, 2013 (Docket No. 1). Defendant filed its answer and counterclaim denying Plaintiff's allegations and affirmatively asserting that it held the lease on Plaintiff's lands by virtue of it having unitized a number of leases including the lease on plaintiff's land and obtaining permits for the drilling of the OH1 6H and OH1 206 H wells which will transverse Plaintiffs tract of land. Plaintiff filed her answer to Defendant's counterclaim on September 11, 2013 (Docket No. 6). Plaintiff filed a Motion To Remand which motion was denied by Memorandum Opinion and Order dated October 9, 2013 (Docket Nos. 7 and 12).

October 18, 2013 Defendant filed its responses to Plaintiff first discovery requests. Defendant supplemented its responses on first on April 23, 2014 (Docket No. 17), a second supplement on May 12, 2014 (Docket No. 26), a third supplement on July 11, 2014 (Docket No. 33), and a fourth supplement on August 19, 2014 (Docket No. 40).

May 5, 2014 the District Judge entered a protective order (Docket No. 21).

June 11, 2014 Plaintiff filed another Request For Production Of Documents (Second Set) (Docket No. 28). July 11, 2014 Defendant filed its responses (Docket No. 34).

Plaintiff moved for an extension of time to complete discovery on August 21, 2014 (Docket

No. 41) declaring in the motion " 4. There is not outstanding written discovery that remains with the exception of the ongoing duty of each party to supplement as required by the Federal Rules of Civil Procedure" (Docket No. 41). By Order dated August 22, 2014 (Docket No. 43) Plaintiff's motion was granted and completion of discovery was extended to September 5, 2014. The Court's order reiterated the prior scheduling orders language with respect to completion of discovery, to wit: "'Completed discovery' as used in Fed. R. Civ. P. 16(b) means that all discovery, objections, motions to compel and all other motions and replies relating to discovery in this civil action must be filed in time for the parties objecting or responding to have the opportunity under the Federal Rules of Civil Procedure to make responses." *Id.* At p. 2.

## III.
### Discussion

A.  Timeliness

Plaintiff's motion filed on September 5, 2014 is untimely. The motion was filed on the last day for completion of discovery. Therefore, there was no possibility that the Defendant could file its response within the time for completion of discovery.

Both Plaintiff and Defendant appear to have ignored the unambiguous language of the Court's original Scheduling Order and the supplemental scheduling order issued on August 22, 2014 on Plaintiff's motion. Moreover, Plaintiff should have known when she filed her motion for an extension of time that the motion was not solely for the purpose of completing discovery depositions as represented and that her representation that there was no outstanding written discovery was inaccurate. It is clear that Plaintiff knew of Defendant's privilege log on April 23, 2014 when Defendant filed its first response (Docket No. 17). It is also clear that it is Plaintiff's First Combined Discovery Requests which were filed with the original state complaint that are the

discovery requests ultimately at issue.[1] Why Plaintiff was dilatory in raising the issue at the very last minute when she was aware of the claims of privilege four months and eleven days or more earlier, is a mystery.

B.      Defendant's privilege log is sufficient under Fed. R. Civ. P 26(b)(5)(A) and Local Rule Civil Procedure 26.04(a)(2).

In spite of the untimeliness of Plaintiff's motion, the Court conducted an *en camera* hearing on each of the documents claimed privileged. During the *en camera* hearing the Court determined that many of the documents were duplicates of other documents under review; were duplicate email strings with attachments of other email strings with attachments under review; and were irrelevant to any of the issues raised by the pending action. The only reason many of the documents are claimed as privileged or identified in the privilege log is because some place in the document the search word "Minch" appears.

Each of the documents reviewed were bates stamped with a number. Based on the *en camera* review, the Court concludes all but the following documents are privileged and not subject to disclosure as claimed in the privilege log. For the reasons stated on the record, the following documents are not privileged and must be disclosed:

1.      Bates PRIV00000165-00001 (page one)

2.      Bates PRIV00000165-00020

3.      Bates PRIV00000136-00001

4.      Bates PRIV00000136-00002

5.      Bates PRIV00000136-00003

6.      Bates PRIV00000136-00004

---

[1] Plaintiff in her memorandum (Docket No. 49, p. 2) refers specifically to "Doc. 1-5".

7. Bates PRIV00000120-00001 (with one line redacted as privileged without waiving subject matter claim of privilege by producing under order the remainder of the document)

8. Bates PRIV00000120-00002

9. Bates PRIV00000119-00001

10. Bates PRIV00000119-00002

11. Bates PRIV00000022-00001

Counsel for Defendant is directed to provide an unredacted electronic copy of all documents which were reviewed *en camera* to the Court Clerk for filing **Under Seal For Court and Counsel For Defendant Eyes Only** as part of the record of the case.

It is so **ORDERED.**

The Clerk is directed to provide electronic confirmation/notice of the filing of this Order to counsel of record. When the Clerk receives from counsel for Defendant the electronic copy of the documents which were reviewed *en camera*, the Clerk shall file the same **Under Seal For Court and Counsel For Defendant Eyes Only** as part of the record of the case.

The Clerk is directed to remove Docket No. 48 from the docket of motions actively pending before the Court.

Dated: October 14, 2014

*John S. Kaull*
JOHN S. KULL
UNITED STATES MAGISTRATE JUDGE